# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Linda Lewis, ) | C.A. No.: 8:18-cv-03008-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **C O M P L A I N T** |
| ) | |
| Fresenius Medical Care Anderson, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, complaining of the Defendants herein, would show unto this Honorable Court as follows:

### I.

Plaintiff is a citizen and resident of Iva, South Carolina.

### II.

Defendant is a corporate entity organized and existing pursuant to the laws of one of the states of the United States and which does business and owns property in Anderson County, South Carolina.

### III

In this matter, Plaintiff seeks a breach of fiduciary duty action against Defendant pursuant to ERISA 29 U.S.C. § 1104. This court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

IV.

Plaintiff was provided dependent life insurance group coverage through her employment with Defendant.  The dependent life insurance group plan covered the life of Plaintiff's husband, Thomas Lewis (Hereinafter "Thomas").  Plaintiff was the name beneficiary of the plan.  The plan is fully insured by Life Insurance Company of North America (hereinafter "LINA").  Defendant is the plan administrator and a fiduciary of the plan for the purpose of administering the plan to the benefit of plan participants and his/her beneficiaries.  As the plan administrator and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks a breach of fiduciary duty against Defendant pursuant to ERISA 29 U.S.C. § 1104.

V.

Plaintiff retired from her employment with Defendant on November 3, 2017, and she ceased being an active employee as of that date.

VI.

As stated above, Plaintiff is the named beneficiary of the dependent group term life insurance under which Thomas was covered.  Unfortunately, Thomas passed away on December 28, 2017.

VII.

Upon Thomas' death, Plaintiff filed a claim for dependent life insurance benefits with LINA.  LINA denied Plaintiff's claim asserting that Thomas was not covered under the dependent life insurance plan and that his coverage terminated effective Plaintiff's last day worked, November 3, 2017. According to LINA, Defendant had the obligation to contact LINA to advise of Plaintiff's ceasing active work.  At that point, LINA would send Plaintiff the

necessary dependent group life insurance conversion forms.  LINA does not have any record of Defendant contacting it to advise of Plaintiff's ceasing work.  As a result, Plaintiff was never notified nor given the opportunity to convert her coverage by Defendant.

## FOR A FIRST CAUSE OF ACTION

### (Against Defendant for Breach of Fiduciary Duty Under ERISA)

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Defendant is a fiduciary under the subject dependent life insurance group plan as plan administrator.  Plaintiff respectfully requests that this Court construct an equitable remedy pursuant to ERISA which binds Defendant to paying Plaintiff the dependent life insurance benefits to which she is entitled as beneficiary under the applicable plan.

X.

Pursuant to ERISA 29 U.S.C. § 1104, Defendant has the duty to administer the plan in the best interest of Plaintiff, as beneficiary under the dependent life insurance group plan.  As such, Defendant had an absolute duty to inform LINA that Plaintiff's last day of active work was November 3, 2017 so that LINA could provide her with the opportunity to convert her group dependent life insurance coverage to an individual policy.  Defendant, as plan administrator, failed to notify LINA of Plaintiff's last day worked, therefore LINA was not put on notice to send Plaintiff the necessary conversion forms.  Such failure constitutes a breach of fiduciary duty under ERISA.

XII.

As a direct and proximate result of the above breach of fiduciary duty, Plaintiff was not paid the dependent life insurance proceeds to which she is entitled as beneficiary under the group dependent life insurance policy.  The dependent life insurance benefits could have been provided to Plaintiff if only Defendant had notified LINA of Plaintiff's ceasing active work, triggering LINA to provide Plaintiff the necessary dependent life insurance conversion forms.

XIII.

Plaintiff respectfully requests that this Court consider the matters raised herein and hold that Defendant breached its fiduciary duty as set forth above and that the Court structure an appropriate remedy under ERISA 29 U.S.C. § 1132(a)(2) or (a)(3) or any other provision of ERISA 29 U.S.C. § 1132 that the Court may deem applicable given the facts and circumstances. Finally, Plaintiff respectfully requests that the Court award attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) and such other relief as this Court deems just and proper.

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for: 1) a declaration that Defendant breached its fiduciary duties pursuant to ERISA as set forth above and that the Court structure an equitable remedy as allowed by any provision of ERISA 29 U.S.C. § 1132; and 2) attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/M. Leila Louzri_____
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
(864) 233-0290 (facsimile)

                                   E-mail:    llouzri@fosterfoster.com

Date: November 7, 2018                  Attorneys for Plaintiff